IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
COLORADO
Judge William J. Martinez

Criminal Case No. 16-cr-00129-WJM

UNITED STATES OF AMERICA,
Plaintiff,

v.

1. VINCENT MATHEWS
Defendant

_____

**MOTION TO EXCLUDE EXPERT TESTIMONY REGARDING GPS
COORDINATES OR IN THE ALTERNATIVE FOR A *DAUBERT* HEARING**

_____

Defendant Vincent Mathews, by and through his attorney Mark C.

Johnson, requests an order from this Court excluding expert testimony regarding

GPS coordinates attributed to Defendant Mathews or in the alternative for a

*Daubert*[1] hearing and as grounds further states:

1.      Defendant Mathews asserts that the Government should not be allowed to

present expert testimony at the trial of this case regarding GPS coordinates for

Mr. Mathews location because the Government has failed to make expert

disclosures as ordered by this Court in the Court's order of June 17, 2016 at ¶ C.

Moreover, the Government has not disclosed the GPS expert's analysis of

Mathews' coordinates for March 23, 2106 despite specific requests by the

Defense. The March 23 date is central to the case because Mathews is accused

of committing one of the armed robberies on that day.

_____

[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993).

2.      Counsel for Defendant Mathews has been aware since his appointment as defense counsel that the Government intended to present expert testimony regarding the GPS coordinates for Defendant Mathews relating to the two charged armed robberies. Moreover, the undersigned has known the identity of the Government expert for months and has communicated with the expert both by phone and through email. Assistant US Attorney Winstead has been totally forthcoming regarding the underlying data that his expert witness would utilize in opining as to the location of Defendant Mathews during relevant times in the case. Mr. Winstead and the undersigned have met in person to review several points of the data and Mr. Winstead has assisted the undersigned in utilizing Google Map to track various coordiantes in the discovery. The undersigned has the underlying data and theidentify of the expert. What the Defense lacks is the analysis done by that expert.

3.      On September 16, 2016 the undersigned sent an email to GPS expert James Buck. ASAU Winstead was cc'ed on that email. The undersigned noted in the email that the longitude and latitude coordinates supplied by Mr. Buck to the Government appeared to place Mr. Mathews as being both entering, leaving and then returning to the inside of the pawnshop during the robbery of that pawnshop on March 23, 2016. The undersigned asked Mr. Buck to review the analysis done on Google Map by the undersigned and explain what his analysis was of the data. The undersigned wrote in part:

It appears that the Google map positioning puts Mr. Mathews

being in the street in front of the pawnshop at 11:41 and entering

> the pawnshop at 11:43. At 11:51 the coordinates show Mathews
>
> leaving the store at 11:51 and being at the side of the building
>
> and then in front of the building until 11:54 when the data shows
>
> him re-entering the pawn shop. He is shown in the pawn shop in
>
> the area of the entrance door until 12:06 when he is again
>
> located on the street outside of the pawnshop and then leaves
>
> the area as of 12:07… I would appreciate it if you could give
>
> me your analysis of the data and tell me if you agree with the
>
> accuracy of the Google search.

Email from Mark C. Johnson, defense counsel, to James Buck, government

expert witness (September 16, 2016, 2:30 p.m.)

4.      The coordinates supplied by Mr. Buck appeared to be in conflict with the

various reports and videotape of the armed robbery that did not show an

individual entering, leaving and then re-entering during the crime. Mr. Buck

responded to the email and stated he would provide his analysis of the

coordinates for the undersigned. The undersigned attached his Google Map

analysis of the coordinates to the email. [The email to Mr. Buck and the memo

attached to that email are attached to this motion as Exhibits One and Two]

5.      Mr. Buck still has not provided any analysis as to this major point. The

Government is also aware of that fact. The Government has not made any Rule

16 disclosures and Mr. Buck's analysis of these coordinates remains undisclosed

as of today's date.

**DAUBERT HEARING**

6.      In the event that the Court deems the suppression of Mr. Buck's testimony

an inappropriate sanction, the Defense requests a *Daubert* hearing regarding Mr.

Buck's credentials to testify as an expert on GPS data. The Defense is cognizant

that Mr. Buck has been accepted as an expert in this area by Judge Daniel in the

case of *United States v. Hines*, No. 08-CR-00165-WYD, 2009 WL 10635855 (D.

Colo. Nov. 18, 2009). In *Hines*, Judge Daniel summarized Mr. Buck's credentials

as being related to how law enforcement utilizes GPS data and how GPS data

could place a particular subject in a specific location. The Court stated:

> As a Senior Product Manager with BI, Inc., Mr. Buck specifically
>
> works with the ExacuTrack monitoring devices. He oversees the
>
> relationship between law enforcement and the electronic monitoring
>
> devices BI, Inc. distributes. Defendants, Mr. Hines and Mr. McGee,
>
> wore ExacuTrack electronic ankle bracelets provided to the Denver
>
> Probation Department and Intervention by BI, Inc. The defendants
>
> were tracked through those agencies using the ExacuTrack cellular
>
> phone. The monitoring devices place the defendants in the area of the
>
> banks at the date and time of the robberies they are alleged to have
>
> committed. Further, Mr. Buck's testimony is relevant to show the
>
> chronology of the ExacuTrack monitoring devices from their inception at
>
> Motorola to BI, Inc. then onto various probation offices.

*United States v. Hines*, No. 08-CR-00165-WYD, 2009 WL 10635855, at *4 (D.

Colo. Nov. 18, 2009)

7.      The Defense asserts that the questions posed in this case are broader than those in *Hines*. The question under *Daubert* is whether Mr. Buck can lay a foundation for the veracity of the GPS data when the Defense believes that an insurmountable conflict may exist between what the GPS data says about Mr. Mathews' movements on March 23, 2016 as compared to the statements of witnesses and the videotape within the pawnshop that was robbed.

8.      As Judge Daniel observed in *Hines*, *Daubert* holds that the trial court must utilize Rule 104(a) in determining preliminarily "whether the reasoning or methodology underlying the testimony is scientifically valid and whether that reasoning or methodology properly can be applied to the facts in issue." [cites omitted]. *Id.* at *2 (D. Colo. Nov. 18, 2009). Thus, the facts of the case set the parameters for considering the applicability of the witness' expertise to the issue. In a case where the accuracy and veracity of the GPS system itself are in question, the *Daubert* analysis is different than when the expert is giving an overview of the system and testifying as to how the Government comes to assert that the defendant was at a particular location.

9.      The failure of the Government to disclose Mr. Buck's results regarding his analysis of the March 23, 2016 data also makes it difficult for the Defense to frame the issue under *Daubert*.

WHEREFORE, the Defense seeks an order from the Court to exclude testimony for failure to disclose or, in the alternative, for a *Daubert* hearing as to Mr. Buck's qualifications.

DATED September 26, 2016.

Respectfully Submitted,

*s/ Mark C. Johnson*
_____
Mark C. Johnson
4450 Arapahoe Avenue, Suite 100
Boulder, CO 80303
(303) 448-8836
Mark.Johnson68@gmail.com
**COUNSEL FOR DEFENDANT VINCENT MATHEWS**

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2016 I electronically served the foregoing motion electronically by filed the motion with the Clerk of the Court using the CM/ECF system, that will send notice of such filing to the parties in the case.

*s/ Mark C. Johnson*

_____
Mark C. Johnson