IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO
Judge William J. Martinez

Criminal Case No. 16-cr-00129-WJM

UNITED STATES OF AMERICA,
Plaintiff,

v.

VINCENT MATHEWS
Defendant

_____

**DEFENDANT MATHEWS' REPLY TO RESPONSE REGARDING DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY *ET SEQ*. [DOC. 40]**
_____

Defendant Mathews, by and through undersigned counsel, Mark C. Johnson, in reply to the Government's Response as to his Motion to Exclude, states as follows:

**SUMMARY OF ARGUMENT**

IN RESPONSE TO THE DEFENSE MOTION THAT SET OUT WITH SPECIFICITY FACTUAL ISSUES RAISED BY THE GPS DATA, THE GOVERNMENT FILED A RESPONSE THAT IGNORED THE QUESTION OF THE METHODOLOGY AND THAT FAILED TO SET OUT THE BASES OF THE EXPERT'S OPINIONS.

1.  The Defense asserts that the Government has ignored the ongoing requests by the Defense that the Government explain the specific inconsistencies between the longitude/latitude coordinates and the apparent conflicts between that data and evidence in the case. The undersigned set out

with particularity his communications with the Government expert and the requests made by the Defense. The Government's response is inadequate because, while it establishes Mr. Buck's credentials, it fails to set out the bases of the opinions that would allow the Defense to challenge the expert's opinion in the instant case.

2. Rule 16(a)(1)(G) requires that, at the defendant's request, the government "must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial." Fed.R.Crim.P. 16(a)(1)(G). The rule also stipulates the content of such a written summary: it must include the expert's qualifications, describe her opinions, and state the "the bases and reasons for those opinions." *Id.*

3. The degree of disclosure required by the case law interpreting Rule 16 is linked to the complexity of the opinion. The Court in *United States v. Goxcon-Chagal*, 886 F. Supp. 2d 1222, 1253–54 (D.N.M. 2012), *aff'd* sub nom. *United States v. Medina-Copete*, 757 F.3d 1092 (10th Cir. 2014) noted that complex analysis justified a higher degree of expert disclosure:

> The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. Fed.R.Crim.P. 16(a)(1)(G). As Professor James Moore has stated: "It is not clear how much detail must be provided to satisfy this provision." 25 J. Moore, *Moore's Federal Practice* § 616.05[3], at 616–65 (3d ed. 2012).  *United States v. Jackson,* 51 F.3d 646, 651 (7th

Cir.1995). The Seventh Circuit elaborated that in "cases involving technical or scientific evidence," there may be a "greater disclosure" obligation, "including written and oral reports, tests, investigations, and any other information that may be recognized as a legitimate basis for an opinion under Fed.R.Evid. 703." *United States v. Jackson,* 51 F.3d at 651 (citing Fed.R.Crim.P. 16(a)(1)(E) advisory committee's note).

Id. 1253–54.

4. The major policy underlying the Rule 16 disclosure is that the opposing party must have sufficient information to cross-examine the expert and prepare for trial. See *United States v. Michel-Diaz*, 205 F. Supp. 2d 1155, 1157 (D. Mont. 2002).[1] Additionally, the opponent needs to analyze under Rule 702(d) whether "the expert has reliably applied the principles and methods to the facts of this case." *United States v. Chapman*, No. 15-2143, 2016 WL 6205744, at *4 (10th Cir. Oct. 24, 2016).

5. Reliability questions may concern the expert's data, method, or his application of the method to the data. *See Mitchell v. Gencorp Inc.,* 165 F.3d 778, 782 (10th Cir.1999); *see also* Fed.R.Evid. 702 (noting that the testimony must be "based upon sufficient facts or data" as well as "the product of reliable principles and methods" and the expert must have "applied the principles and methods reliably to the facts of the case"). The party offering the expert "must show that

---

[1] The Government cited the *Michel-Diaz* case in *United States v. Chapman*, No. CR 14-1065 JB, 2015 WL 10401776, at *2 (D.N.M. Aug. 28, 2015). The Government argued that the Defendant's Rule 16 disclosure was inadequate and therefore the Government could not effectively cross- examine or prepare for trial.

the method employed by the expert ... is scientifically sound and that the opinion is based on facts which satisfy Rule 702's reliability requirements." *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009)

6.   The Court in *Nacchio* outlined the relationship between the Rule 16 disclosures and Federal Rule of Evidence 702, noting that the opposing party was 'entitled to a summary of the expected testimony' and *'perhaps most important*, the requesting party is to be provided with a summary of the bases of the expert's opinion." *Id.* 1236–37 (10th Cir. 2009).[2] The *Nacchio* Court reasoned that under Rule 702, the district court had to be satisfied that the expert testimony was both "reliable and relevant". The Court noted that a proffered expert had to demonstrate that her opinions were "reliable by assessing the underlying reasoning and methodology" as set forth in the *Daubert* opinion. *Id.* 1241. Failure to make adequate disclosures justified suppression. The *Nacchio* Court reasoned:

> Reliability questions may concern the expert's data, method, or his application of the method to the data. *See Mitchell v. Gencorp Inc.,* 165 F.3d 778, 782 (10th Cir.1999); *see also* Fed.R.Evid. 702 (noting that the testimony must be "based upon sufficient facts or data" as well as "the product of reliable principles and methods" and the expert must have "applied the principles and methods reliably to the facts of the case"). The

---

[2] The above cited *Nacchio* opinion made clear that the while the district court's comments arguably implicated the disclosure requirements of Rule 16, the case was analyzed and resolved under the tenants of FRE 702 and *Daubert*. See *United States v. Nacchio*, 555 F.3d 1234, 1246 (10th Cir. 2009).

party offering the expert "must show that the method employed by the expert ... is scientifically sound and that the opinion is based on facts which satisfy Rule 702's reliability requirements." *Dodge,* 328 F.3d at 1222.

*United States v. Nacchio*, 555 F.3d 1241.

7. The *Nacchio* Court went on to note that an expert's opinion could be rendered inadmissible where an expert misapplied an otherwise "reliable methodology" or "merely misapplie[d] the methodology." *Id.* The Court also recognized the rule of law that expert testimony was properly excluded where the expert's "report...was insufficient to allow assessment of the reasoning and methodology of the expert as a component of the...application of *Daubert.."* citing *United States v. Turner*, 285 F.3d 909, 912-13 (10th Cir. 2002). *Id.*

LEGAL ANALYSIS

8. The Defense seeks specific disclosures set out the initial motion for the following reason: (1) to prepare for trial on the merits (2) to raise a challenge to the proffered expert under 702 and *Daubert*[3],

9. The Defense has sought the specifics of the expert's analysis to prepare for trial and to effectively cross-examine the expert's conclusions. It is clear that

---

[3] The 10th Circuit noted in *United States v. Nacchio*, 555 F.3d 1234, 1246 (10th Cir. 2009) that the objecting party bore the burden of lodging a "timely request" to the proffered expert testimony to set in motion a *Daubert* inquiry. The Court noted, cited to *Macsenti v. Becker,* 237 F.3d 1223, 1231–32 (10th Cir.2001) (noting that even when a party does not timely raise a *Daubert* objection, "the trial judge is assigned the task of insuring that an expert's testimony rests on a reliable foundation and is relevant, but *Daubert* does not mandate an inquiry questioning and challenging the scientific proffer absent a timely request by an objecting party"). *Id.*

the Government is positioning Mr. Buck as the pivotal witness for the prosecution. However, the Defense has no explanation as to (1) the exact opinions that Mr. Buck can offer; and (2) Mr. Buck's methodology (given that the supposed coordinates are, in the opinion of the Defense, in conflict with the fundamental facts in the case).

10.     Given the failure of the Government to make proper disclosures under both Rule 16 and Rule 702, the Defense continues to seek suppression of those opinions under *United States v. Nacchio*, *supra*.

**DATED December 5, 2016**

Respectfully Submitted,

*s/Mark Cameron Johnson*
_____
Mark Cameron Johnson, Esq.
4450 Arapahoe Ave., Suite 100
Boulder, CO 80303
Telephone: (303) 448-8836
Mark.Johnson68@gmail.com
**ATTORNEY FOR DEFENDANT MATHEWS**

CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2016 I electronically served the foregoing motion electronically by filed the motion with the Clerk of the Court using the CM/ECF system, that will send notice of such filing to the parties in the case.

*s/ Mark C. Johnson*

_____
Mark C. Johnson