IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 16-cr-129-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    **VINCENT MATHEWS**,

    Defendant.

---

**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION FOR A 180-DAY ENDS OF JUSTICE CONTINUANCE PURSUANT TO 18 U.S.C. § 3161 AND FOR THE SETTING OF A TRIAL DATE**

---

This matter is before the Court on the Defendant's Unopposed Motion for a 180-Day Ends of Justice Continuance Pursuant to 18 U.S.C. § 3161 and for the Setting of a Trial Date (the "Motion"). (ECF No. 82). The Defendant's Motion requests a 180-day ends of justice continuance of the deadlines as set forth in the Speedy Trial Act, 18 U.S.C. §§ 3161-3174, and for a continuance of the trial date and deadline to file motions. For the following reasons, the Motion is GRANTED.

The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1); *United States v. Lugo*, 170 F.3d 996, 1001 (10th Cir. 1999). Certain periods of delay are excluded and

do not count toward the 70-day limit.  *See* 18 U.S.C. § 3161(h)(1)-(8).  Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'"  *Hill*, 197 F.3d at 440-441 (quoting 18 U.S.C. § 3161(h)(7)(A)).

> The Speedy Trial Act provides, in pertinent part:
>
> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . . .
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

In order for a continuance to qualify as an excludable "ends of justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied.  *Hill*, 197 F.3d at 441.  First, the Court must consider the following factors listed in § 3161(h)(7)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];

2

> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv).

After considering these factors, the Court must then set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Hill*, 197 F.3d at 441; § 3161(h)(7)(A). Although the Court's findings "may be entered on the record after the fact, they may not be made after the fact." *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir.1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id.* (quoting *Doran*, 882 F.2d at 1516). The Court has discharged these duties.

The Defendant's Motion is unopposed by the Government, and therefore, the averments of fact in the Motion have been confessed by the Government. Thus, those foundational and predicate facts are deemed established, and the Court need not reiterate them here. The Defendant's Motion describes the various factors that he believes necessitate the exclusion of an additional 180 days in this case, and the Court

3

adopts and incorporates those facts herein.

Defendant was indicted on April 19, 2016 with two counts of robbery. At that point DNA was not an issue. On September 27, 2016, the Government superseded the original indictment. The superseding indictment added a third count of Felon in Possession of a Firearm. After filing the additional charge, the Government endorsed an expert from the Denver Crime Lab and provided discovery reflecting that DNA testing had linked the Defendant to a handgun. On October 10, 2016, Defense Counsel consulted with Stephen Jacobson, a lawyer and forensic science expert with extensive experience in DNA testing. In the following 90 days, Defense Counsel worked with Mr. Jacobson to acquire additional discovery from the Government regarding the DNA testing procedures used by the Denver Crime Lab. Mr. Jacobson ultimately informed Defense Counsel that the Denver Crime Lab had utilized a controversial process known as low copy number ("LCN") which has been the subject of several state and federal cases where the procedures were challenged. Mr. Jacobson referred Defense Counsel to Dr. Phillip Danielson to assist in the analysis of the DNA procedures utilized by the Denver Crime Lab regarding the use of LCN test results, and Defense Counsel has applied to the Court for CJA funding to retain Dr. Danielson.

The Defense seeks a continuance of the trial to conduct further investigation, to litigate the DNA issues in the case, to issue defense subpoenas, and to deal with the significant discovery production that will result from the Government's trial preparation. In order to adequately prepare this case for trial, counsel has requested and the Court finds, that 180 days should be excluded from the Speedy Trial Act for these purposes.

The Court relied on the professional experience and judgment of counsel in fashioning a reasonable pretrial scheduling order.  Additionally, the Court is sensitive to and mindful of the teachings of relevant case law, including the principles and holdings in *Bloate v. United States*, 559 U.S. 196 (2010)*; United States v. Larson*,627 F.3d 1198, (10th Cir. 2010); *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009); and *United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007)*.

Based on the relevant record considered as a whole, the Court finds that it would be unreasonable to expect adequate preparation by Defendant, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c).  The Court has considered the factors which it must under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).  As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of the Court's calendar or lack of diligent preparation by counsel.

The Defendant himself originally opposed any continuance because he strongly believes in his innocence and that his innocence will be readily apparent to a jury, and therefore he desired to keep the current May 8, 2017 trial setting.  However, at a hearing this morning, the Court explained that it could not force Defendant's attorney to go to trial unprepared, and that if Defendant wished to keep the May 8 trial setting, the Court would permit Defendant's attorney to withdraw.  Moreover, the Court explained that the probability of finding new counsel willing to take the case to trial on such short notice was extremely low, and therefore the likely consequence of insisting on the May 8 trial setting would be that the Defendant would need to represent himself.  Defendant did not want to represent himself, and after being fully informed on his options, he

5

elected to withdraw his objection to the continuance. Accordingly, the Court FINDS that:

(1) Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i); and

(2) Even considering due diligence, failure to grant the motion would deny counsel for Defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

(3) An additional 180 days should be excluded from the computation of the speedy trial time; and

(4) Therefore, the ends of justice served by granting the motion outweighs the best interests of the public and Defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

THEREFORE, IT IS HEREBY ORDERED that:

(1) Defendant's Unopposed Motion for a 180-Day Ends of Justice Continuance Pursuant to 18 U.S.C. § 3161 and for the Setting of a Trial Date (ECF No. 82) is GRANTED;

(2) **All days from today, to and including October 23, 2017 shall be excluded from the Speedy Trial Clock**;

(3) The current Trial and Final Trial Preparation Conference dates, and all other pretrial deadlines and settings, are hereby **VACATED**; and

(4) The Court will enter a separate Order resetting the Trial date, the Final Trial Preparation Conference and related deadlines.

Dated this 26th day of April, 2017.

BY THE COURT:

_____
William J. Martínez
United States District Judge