IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 16-cr-129-WJM
(Civil Action No. 20-cv-3280-WJM)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**VINCENT MATHEWS**,

    Defendant.

**ORDER DENYING DEFENDANT'S APPLICATION FOR WRIT OF HABEAS CORPUS**

This matter is before the Court on Defendant Vincent Mathews's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Petition"). (ECF No. 186.) For the following reasons, the Petition is denied.

## I. BACKGROUND

On September 27, 2016, a superseding indictment charged Mathews with two counts of interference with commerce by robbery in violation of 18 U.S.C. § 1951 and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (ECF No. 47.) On November 16, 2017, a jury convicted Mathews on all three counts. (ECF No. 130.) The Court sentenced him to 210 months' imprisonment on May 3, 2018. (ECF No. 155.) The Tenth Circuit affirmed Mathews's convictions on July 1, 2019. *See United States v. Mathews*, 928 F.3d 968 (10th Cir. 2019).

Mathews filed his Petition on November 2, 2020, seeking reduction of his sentence to the sentence he asserts he would have received had he accepted a plea

agreement.[1]  (ECF No. 186.)  The Government responded on November 19, 2020.  (ECF No. 188.)  On November 25, 2020, with leave of the Court, Mathews filed a Supplement to his Petition.  (ECF No. 189.)  The Government responded to the Supplement on December 7, 2020.  (ECF No. 190.)  Mathews replied to the Government's Response to his Petition on December 14, 2020.  (ECF No. 191.)

## II. LEGAL STANDARD

Section 2255 of Title 28 of the United States Code applies to requests seeking to vacate, set aside, or correct a federal sentence.  A § 2255 petition "attacks the legality of detention . . . and must be filed in the district that imposed the sentence." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence." *Id*.

## III. ANALYSIS

Because Mathews is proceeding *pro se*, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).  The Court does not, however, "supply additional factual allegations to round out a plaintiff's complaint," or "construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

**A.    Supplement to Petition**

As stated, Mathews filed a supplement to his Petition elaborating on the grounds for reduction of his sentence.  (ECF No. 189.)  The Government asserts that the Court must strike the Supplement pursuant to Federal Rule of Civil Procedure 11 because it

---

[1] Mathews specifies in his reply that the Government offered a plea deal entailing "11 to 12 years" of imprisonment.  (ECF No. 191 at 3.)

was written and filed by Mathews's sister, who is not a licensed attorney, and Mathews did not sign it.  (ECF No. 190 at 1–2; *see also* ECF No. 189.)

Review of the Supplement makes clear that Mathews's sister composed and filed it; Mathews's signature does not appear on the document.  (*See generally* ECF No. 189.)  Because a non-lawyer may not represent a litigant, and an unrepresented party must sign all pleadings, the Supplement is an unauthorized filing, and the Court will strike it accordingly.  Fed. R. Civ. P. 11(a); *see also Martinez v. Doe*, 2020 WL 6710573, at *2 (D. Colo. Nov. 16, 2020) (striking filing by an unlicensed "jailhouse lawyer" where plaintiff did not sign filing).

**B.   Petition Merits[2]**

Mathews brings his Petition based on a theory of ineffective assistance of counsel.  (ECF No. 186.)  Specifically, he asserts that his attorney withheld certain GPS evidence placing Mathews at the scene of the crimes for which he was charged and recordings of 911 calls that similarly tended to inculpate him.  (*Id.* at 4–5.)  Mathews states that had his attorney provided this evidence to him, he would have opted to accept a plea bargain rather than proceed to trial.  (*Id.*)  He therefore asks the Court to resentence him in accordance with the Government's plea offer.  (*Id.* at 12.)

To support a claim of ineffective assistance of counsel, a petitioner must show that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) such deficient performance prejudiced the petitioner.  *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).  With respect to the first prong of the *Strickland* test, a petitioner must show that counsel's representation fell below an objective standard of

---

[2] As the Government concedes that the Petition is timely filed (ECF No. 188 at 4), the Court proceeds to the merits of the Petition.

reasonableness, such that he was not functioning as the counsel guaranteed by the Sixth Amendment. *Id*. To satisfy the second prong, a petitioner "must show that the deficient performance prejudiced the defense." *Id*. at 687.

    i.    *Objective Reasonableness*

Mathews argues that the GPS evidence, taken from his ankle monitor, revealed that he was within the stores where the robberies occurred. (ECF No. 186 at 4.) The Government contends, however, that the record reveals that the issue of the GPS evidence was fully briefed and a hearing conducted (which Mathews attended) before the Court ultimately ruled that it was admissible in trial. (ECF No. 188 at 6; *see also* ECF Nos. 57, 60, 67, 68, 71, 72 & 78.) In his reply, Mathews does not contest that he was aware of the GPS evidence, though he asserts that he did not understand that the Government would display the data to the jury in a way that tended to implicate him.[3] (ECF No. 191 at 5–6.) Thus, Mathews concedes—and the docket confirms—that his attorney *did* disclose the evidence, even if the Government presented it at trial in a manner that Mathews did not anticipate. (*Id.*; *see also* ECF Nos. 57, 60, 67, 68, 71, 72 & 78.) The Court can discern no "objectively unreasonable" conduct by Mathews's counsel with respect to this evidence.

Additionally, to the extent Mathews suggests that his counsel mistakenly assessed the strength of the GPS evidence (ECF No. 191 at 5 (stating that his "attorney misl[e]d him into not taking the [plea] deal, thinking [the] case was strong because of the lack of evidence")), counsel's "erroneous prediction as to the likelihood of success" does

---

[3] Specifically, Mathews believed that the jury would see only the GPS coordinates and not depictions of a figure representing him on a virtual map of the crime scenes. (ECF No. 191 at 5–6.)

not amount to ineffective assistance of counsel.  *United States v. Kalu*, 683 F. App'x 667, 669 (10th Cir. 2017).  Rather, an "erroneous strategic prediction about the outcome" of trial does not rise to the level of ineffective assistance of counsel.  *Lafler*, 566 U.S. at 174.  Accordingly, Mathews has not shown that his counsel's conduct was objectively unreasonable with respect to the GPS evidence.  *Strickland*, 466 U.S. at 689 (stating that there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance").

Mathews further argues that he was unaware of a particular 911 call by a witness to one of the robberies.  (ECF No. 186 at 5.)  Specifically, he appears to argue that the 911 caller, who testified at trial, described a stolen getaway car, which supported Mathews's defense that he was not a getaway driver and therefore not present when the robbery began.  (*Id.*)  He asserts that knowledge of this evidence against him would have convinced him to take the plea bargain as well.  (*Id.*)

Concerning the 911 call, the Government argues that—even assuming that the 911 call was inculpatory[4]—Mathews does not explain how this evidence was material such that his counsel's decision to withhold the call from him was objectively unreasonable.  (ECF No. 188 at 7–8.)  Indeed, counsel is not required to disclose every piece of evidence to a defendant.  *See United States v. Flores*, 2009 WL 10715094, at *3 (D. Kan. Sept. 1, 2009) (finding counsel's conduct not objectively unreasonable for failure to allow defendant to personally inspect discovery materials).  In his reply, Mathews reiterates that he asked his counsel for "every piece of GPS evidence, witness statements, store cameras, 911 calls . . . and police reports of the investigations that the

---

[4] Mathews argues that the call is inconsistent with GPS evidence placing him at the scene of the crimes (ECF No. 191 at 7), which would appear to strengthen, rather than undermine his case.

government had" so that he could determine whether to go to trial. (ECF No. 191 at 2.) However, Mathews was not entitled to every piece of evidence; thus, his argument that counsel's refusal to provide it renders his actions objectively unreasonable is unavailing. *See Flores*, 2009 WL 10715094, at *3. For the sake of thorough analysis, however, the Court will proceed to the issue of whether Mathews suffered prejudice as a result of the purportedly unreasonable withholding of evidence.

    ii.    *Prejudice*

Notwithstanding the objective reasonableness of Mathews's counsel's actions, the Government argues that he has not demonstrated prejudice based on the alleged ineffective assistance of counsel. (ECF No. 188 at 8.)

Even where particular errors are shown, a petitioner "must show that they had an adverse effect on the defense," and not just "some conceivable effect." *Strickland*, 466 U.S. at 693. Thus, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been entirely different." *Id*. at 694.

Mathews does not provide evidence or details as to the plea agreement that the Government purportedly offered to him or indicate that he would have accepted the offer. (*See generally* ECF No. 186.) Rather, he submits only the "unadorned assertion" that he would have pleaded guilty pursuant to a plea agreement rather than proceed to trial, which alone is insufficient to demonstrate prejudice. (*Id.* at 4–5; *see also United States v. Watson*, 766 F.3d 1219, 1225 (10th Cir. 2014).) Indeed, Mathews continues to assert in the briefing of his Petition that the GPS and 911 call evidence was inconsistent and inconclusive, further calling into question the assertion that he would

have forgone trial.  (*Id.* at 4–5; ECF No. 191 at 4–7.)

Not only does Mathews fail to provide evidence that he would have pleaded guilty to the offenses, but his maintenance of his innocence after his conviction also undermines such contention.  See *Atkinson v. Schmidt*, 486 F. App'x 713, 716 (10th Cir. 2012) (finding that defendant's continued assertions of innocence undercut claim that he would have accepted a plea agreement but for counsel's errors).  The Court therefore concludes that Mathews has failed to show that his counsel performed deficiently or that he was prejudiced by such deficient performance as required by *Strickland*.  As such, the Petition is denied.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Mathews's Petition (ECF No. 186) is DENIED;
2. Mathews's claims are DISMISSED WITH PREJUDICE; and
3. The Court has *sua sponte* considered whether a certificate of appealability is appropriate, and hereby ORDERS that no certificate of appealability will issue because Mathews has not made a substantial showing that jurists of reason would find it debatable whether the Petition states a valid claim of the denial of a constitutional right.

Dated this 12th day of October, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge