IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 16-cr-129-WJM
(Civil Action No. 20-cv-3280-WJM)

UNITED STATES OF AMERICA,

 Plaintiff,

v.

**VINCENT MATHEWS**,

 Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION PURSUANT TO FEDERAL RULES OF PRO., RULE 59(e), OR FOR CONSIDERATION FOR ALTERNATIVE PETITION MOVING TO GIVE TIMELY NOTICE OF APPEAL**

---

 Before the Court is Defendant Vincent Mathews's Motion for Reconsideration Pursuant to Federal Rules of Pro., Rule 59(e), Or Consideration for Alternative Petition Moving to Give Timely Notice of Appeal ("Motion"). (ECF No. 196.) The Government filed a response. (ECF No. 199.) For the following reasons, the Motion is denied.

**I. BACKGROUND**

 Mathews was convicted of two counts of Hobbs Act robbery and one count of being a felon in possession of a firearm, arising out of his robbery of two pawn shops. (ECF No. 154 at 3–4; ECF No. 155.) He was sentenced to 210 months' imprisonment.

 After his convictions were affirmed on appeal, *United States v. Mathews*, 928 F.3d 968 (10th Cir. 2019), Mathews filed a motion under 28 U.S.C. § 2255, asking the Court to resentence him "as though he had accepted the government's previous plea bargain." (ECF No. 186 at 12.) He argued that his counsel had been ineffective in

assessing GPS evidence that placed Mathews at the scene of the crime and that but for that ineffective assistance, Mathews would have accepted a more favorable plea offer. (ECF No. 186.) In addition to his motion, Mathews's sister (a nonlawyer) submitted a supporting memorandum which Mathews did not sign. (ECF No. 189.) The Government responded to the § 2255 motion and argued the supplemental memorandum should be stricken. (ECF No. 188, 190.) Mathews filed a reply. (ECF No. 191.)

The Court denied the § 2255 motion. (ECF No. 194.) First, the Court struck Mathews's supplemental memorandum because it was submitted by a nonlawyer and not signed by Mathews. (*Id*. at 2–3.) Next, the Court denied Mathews's § 2255 motion, concluding that Mathews had failed to show that his counsel's conduct was objectively unreasonable because: (1) the record confirmed that Mathews was aware of the GPS evidence, and (2) to the extent his counsel misevaluated the strength of that evidence, it did not amount to ineffective assistance. (*Id*. at 4–5.) The Court further concluded that Mathews had failed to show prejudice because he did not provide details about the purported plea agreement or indicate that he would have accepted the offer. (*Id*. at 6–7.) In particular, the Court noted that Mathews's claim that he would have accepted a plea was undermined both by his assertion in his § 2255 motion that the evidence was "inconsistent and inconclusive" and by his continued assertions of innocence. (*Id*.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) permits a Court to alter or amend a judgment on timely motion by a party. "Rule [59(e)] was adopted to make clear that the district court possesses the power to rectify its own mistakes in the period immediately

2

following the entry of judgment." *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982) (internal quotation marks omitted). Accordingly, the Court may amend the judgment in its discretion where there has been an intervening change in the controlling law, new evidence that was previously unavailable has come to light, or the Court sees a need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *see also Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) ("[C]ourts will not address new arguments or evidence that the moving party could have raised before the decision issued."). Nor can a party invoke Rule 59(e) to "elaborate on arguments already decided." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929–30 (10th Cir. 2019).

"A motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete*, 204 F.3d at 1012. However, motions to alter or amend the judgment pursuant to Rule 59(e) "are regarded with disfavor. . . [and are] 'not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.'" *Kerber v. Qwest Grp. Life Ins. Plan*, 727 F. Supp. 2d 1076, 1076 (D. Colo. 2010) (quoting *Servants of the Paraclete*, 204 F.3d at 1012).

### III. ANALYSIS

In the Motion, Mathews states that he only believes that the availability of new evidence and the need to correct error or prevent manifest injustice are at issue here. (ECF No. 196 at 3.)

**A.   Supplemental Memorandum**

In asserting that the Court should not have stricken his supplemental memorandum, Mathews points out that under Rule 11, the Court "must strike an

unsigned paper *unless the omission is promptly corrected after being called to the attorney's or party's attention*." (ECF No. 196 at 4 (emphasis in original).) He asserts that the Court did not call his attention to the lack of signature and therefore improperly struck the document. (*Id.*) He also argues that the supplemental memorandum should have been accepted under the "next friend" doctrine. (*Id.*)

Mathews's arguments are without merit. Rule 11(a) does not impose an obligation on the Court to call attention to the lack of a signature on a document. Moreover, the Government's response, filed nearly a year before the Court struck the document, called to Mathews's attention the lack of a signature. (ECF No. 190.) Nevertheless, Mathews did not promptly correct the omission, as Rule 11 dictates.

Mathews's next friend argument is equally fruitless. Because an unrepresented party cannot act as a next friend, Mathews's sister could not file a pleading on his behalf without counsel. *See Mann v. Boatright*, 477 F.3d 1140, 1150 (10th Cir. 2007). Additionally, the Supreme Court instructs that next friend standing is "by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). The proposed next friend bears the burden to clearly establish: (1) that the real party in interest cannot appear on his own behalf, and (2) that the "next friend" is truly dedicated to that person's best interests. *Id*. at 163–64.

The Court concludes that Mathews's sister's assertion that Mathews's facility was on lockdown due to COVID-19 (ECF No. 189 at 11) does not satisfy that burden. *See Jiron v. Swift*, 671 F. App'x 705, 706 (10th Cir. 2016) (holding conclusory assertions were insufficient). As the Government points out, Mathews filed (and signed) his own

4

brief just three weeks later.  (ECF No. 191.)

Therefore, the Court denies that portion of the Motion with respect to the supplemental memorandum.

### B.     Ineffective Assistance of Counsel

In his Motion, Mathews raises the same arguments as he did in his § 2255 motion.  First, he argues that his attorney told him that the GPS does not place him in the pawnshop during the robberies, and based on that advise, Mathews states that he proceeded to trial and received a harsher sentence than he would have had he taken the plea deal offered.  (ECF No. 196 at 5–6.)  Next, he argues that his attorney's failure to competently interpret the GPS evidence caused Mathews to reject a plea deal, which resulted in a longer sentence and caused him prejudice.  (*Id.* at 6–8.)  Finally, Mathews argues that the Court erred in ruling that he failed to provide evidence or details about the plea agreement that the Government purportedly offered to him or indicate that he would have accepted the offer without any counter statement or evidentiary hearing.  (*Id.* at 8–11.)

First, Mathews's argument that his attorney told him that the GPS evidence did not place him in the pawnshop during the robberies is the same argument as he made in his § 2255 motion.  (*See* ECF No. 186 at 4.)  The Court concluded that the record showed that Mathews's lawyer disclosed the GPS evidence to Mathews and that his lawyer's assessment of the evidence was not objectively unreasonable.  (ECF No. 194 at 4–5.)  Nothing Mathews states in the Motion now is new evidence or militates in favor of granting the Motion to correct clear error or prevent manifest injustice.

Second, Mathews's argument that his lawyer's incorrect assessment of the strength of his case caused him to reject a favorable plea deal has also been rejected.

5

In denying his § 2255 motion, the Court observed that Mathews's continued challenges to the strength of the evidence and his maintenance of innocence both undermine his assertion that he would have pleaded guilty. (ECF No. 194 at 6–7.) Further, the Government points out that the Court did not even need to address prejudice in its Order denying the § 2255 motion because it found that Mathews's attorney's performance was not unreasonable. (ECF No. 199 at 7; ECF No. 194 at 6.) Like his previous argument, he fails to show clear error or the need to prevent manifest injustice.

Finally, Mathews's argument that the Court erred in finding that he did not provide evidence or details as to the purported plea offer also fails. The Government emphasizes that Mathews attached an e-mail with a potential plea offer to his reply brief in connection with the § 2255 motion, which the Court noted. (ECF No. 199 at 7 (citing ECF No. 191 at 13–14, ECF No. 194 at 2 n.1).) That potential plea offer was not stricken from the record; instead, it was the supplemental memorandum which was stricken, but that document did not mention the terms of the purported plea offer. (ECF No. 189.) Courts—including this Court—generally do not consider evidence first presented in a reply brief. *See Starkey ex rel. A.B. v. Boulder Cnty. Soc. Servs.*, 569 F.3d 1244, 1259 (10th Cir. 2009); *see also United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011) ("[A]rguments raised for the first time in a reply brief are generally deemed waived."). Mathews did not set forth the terms of the purported plea offer until filing his reply.

Notwithstanding the Court's findings with respect to Mathews's failure to provide evidence of the purported plea offer, the Court provided other bases for denying the § 2255 motion. The Court concluded that Mathews failed to show that his attorney's

6

performance was objectively unreasonable (ECF No. 194 at 4–5) and that he would have accepted the Government's plea offer, regardless of its terms (*id.* at 6–7).  The Court also finds Mathews's argument that it should have held an evidentiary hearing on statements as to his attorney's effectiveness unavailing.  As the Court explained in its order, the record showed that Mathews was aware of the GPS evidence—as he attended the hearing on that issue—and that he did not provide evidence about the terms of the purported plea offer or why he would have accepted it.  (*Id.* at 4, 6.)  Therefore, the Court denies this portion of the Motion.

## C.     Timely Notice of Appeal

Mathews requests that if the Court denies his Motion that "alternatively notice of appeal be given to the Tenth Circuit."  (ECF No. 196 at 11.)  He cites no authority in support of his request.  The Government does not address Mathews's request concerning a potential appeal.  (*See generally* ECF No. 199.)

The Court denies Mathews's request.  Even though he is proceeding *pro se*, it is his responsibility to file any notice of appeal with the Tenth Circuit and do so in a timely manner under the appropriate Court rules.

## IV. CONCLUSION

For the reasons explained above, the Court ORDERS that Defendant Vincent Mathews's Motion for Reconsideration Pursuant to Federal Rules of Pro., Rule 59(e), Or Consideration for Alternative Petition Moving to Give Timely Notice of Appeal (ECF No. 196) is DENIED.

Dated this 31st day of May, 2023.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge